**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED
FEB 25 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dennis Paul Sherrell, Jr., )
)
    Plaintiff, )
)
v. )   Civil Action No. 19-3863 (UNA)
)
)
United States of America *et al*, )
)
    Defendants. )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* and complaint. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has sued the United States and the Director of National Intelligence, claiming only "[g]ross continued patterns of abuse violating federally protected rights causing damages & injuries[.]" Compl. [Dkt. # 1]. He seeks monetary damages "to be decided by jury & court[.]" *Id*.

Plaintiff has alleged no supporting facts, nor has he provided a legal basis for this action. It is established that the three criminal statutes plaintiff cites, 18 U.S.C. §§ 241, 242, 245, do not authorize a private right of action. *Pope v. Thornburgh*, 978 F.2d 744 (D.C. Cir. 1992) (per curiam). And the cause of action authorized by 42 U.S.C. § 14141 (now codified at 34 U.S.C.

1

§ 12601), which plaintiff also cites, may be brought only by "the Attorney General, for or in the name of the United States" to "obtain appropriate equitable and declaratory relief to eliminate the pattern or practice" described in paragraph (a).[1]  34 U.S.C. § 12601(b).  Accordingly, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

Date: February 24, 2020

United States District Judge

---

[1] Paragraph (a) of 34 U.S.C. § 12601 makes it "unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles" to deprive "persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."